## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RODNEY M. WALLS,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DC-0752-21-0100-I-1

DATE: April 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Albert E. Lum</u>, Esquire, Brooklyn, New York, for the appellant.

<u>Keith L. Reid</u>, Esquire, Piscataway, New Jersey, for the appellant.

<u>LaSandy K. Raynor</u>, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his demotion.  On petition for review, the appellant argues that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

administrative judge considered evidence that she should not have considered, and he generally challenges her credibility determinations. Petition for Review (PFR) File, Tab 1. He also reasserts his affirmative defenses of reprisal for equal employment opportunity (EEO) and whistleblowing activity and his claim of due process violations. *Id.* Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the appropriate legal framework for analyzing the appellant's whistleblower reprisal claim, we AFFIRM the initial decision.

¶2        We discern no error in the administrative judge's findings that the agency proved the charge of inappropriate behavior by a supervisor by preponderant evidence and that the penalty of demotion promotes the efficiency of the service and was reasonable. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 14-25, 32-35.[3] Regarding the appellant's affirmative defenses, we discern no

---

[3] Regarding the penalty of demotion, we observe that, in the decision notice, the deciding official stated that the appellant's 23 years of service "should have afforded [him] many opportunities to understand and put into practice the Postal Service's commitment to certain standards and expectations, especially those concerning conduct and behavior." IAF, Tab 4 at 23. To the extent this statement suggests that the appellant's length of service was an aggravating factor, such an analysis is in error. *See*

error in the administrative judge's finding that the appellant failed to prove his claim that the agency violated his due process rights.[4] ID at 30-32. We similarly find no basis to disturb the administrative judge's finding that the appellant failed to prove his claim of EEO reprisal.

¶3        Regarding the appellant's EEO reprisal claim, however, we note that, in the initial decision, the administrative judge relied on the standard applied by the

---

*Brown v. Department of the Treasury*, 91 M.S.P.R. 60, ¶ 17 (2002*)* (stating that it is erroneous to consider an employee's length of service as an aggravating, rather than mitigating, factor); *Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997) (explaining that the Board does not endorse an approach that categorizes an employee's lengthy service as aggravating because, under that approach, "the longer someone works, the more likely it is that a single misstep will be fatal to his or her career"). Nonetheless, we independently find the penalty of demotion to be reasonable. The appellant's misconduct was serious, as it directly relates to his work relationship with his coworkers. Further, he was in a supervisory role and was, therefore, held to a higher standard of conduct. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015). Finally, the appellant's misconduct was repeated. Thus, we discern no reason to disturb the administrative judge's finding that the penalty of demotion was reasonable. ID at 35; *see Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd*, 617 F. App'x 996 (Fed. Cir. 2015) (Table) (stating that, in evaluating the penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated); *Hanna v. Department of Labor*, 80 M.S.P.R. 294, ¶¶ 15-17 (1998) (finding that the appellant's demotion was reasonable, despite 19 years of service, based on a charge of inappropriate behavior by a supervisor).

[4] The appellant also argues on review that the administrative judge violated his due process rights when she considered evidence related to events that predate the charge at issue here and complaints from other employees that were not named in the notice of proposed removal and the decision notice mitigating the penalty. PFR File, Tab 1 at 7-8, 10-11. This argument is without merit. Although the administrative judge discussed events prior to those identified in the agency's charge, she did not rely on evidence related to those events in her analysis of the charge. Rather, any such discussion is limited to background information. ID at 2-25. Regarding his claim that the administrative judge heard evidence from complainants not named in the proposal or decision notice, we observe that both the notice of proposed removal and the decision notice explicitly reference "other employees" in the appellant's department as those having issues with the appellant's behavior. IAF, Tab 4 at 22, 30-31. Thus, it was not inappropriate for the administrative judge to hear evidence of "other employees." Accordingly, the appellant has not proven that the administrative judge violated his due process rights.

Board when analyzing an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, which is set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. Under *Savage*, an appellant must show that the prohibited consideration was a motivating factor in the contested personnel action. 122 M.S.P.R. 612, ¶ 51. The administrative judge found that the appellant failed to make such a showing. ID at 29-30.

¶4      Upon close examination, the appellant's EEO complaint does not appear in the record, and he has asserted that his EEO complaint was based on threatening, retaliatory, and harassing behavior from coworkers. IAF, Tab 8 at 4-5, 28-34. He does not appear to assert a claim of discrimination under any of the EEO-based antidiscrimination statutes. *Id.* To the extent that the appellant's EEO complaint was not rooted in the antidiscrimination provisions and thus the standard governing general reprisal claims set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986) applies, the result would be the same. Specifically, the administrative judge observed that the appellant had explicitly acknowledged that the proposing official had a "standing belief of not caring if someone files an EEO." ID at 30; IAF, Tab 17 at 75. Additionally, she credited the proposing official and deciding official's explanation for taking the action against the appellant. ID at 30. Thus, to the extent the administrative judge's application of the *Savage* standard constitutes error, any such error did not affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

¶5      Regarding the appellant's claim of whistleblower reprisal, although we ultimately agree with the administrative judge's conclusion that the appellant failed to prove that his demotion was in reprisal for engaging in whistleblowing activity, we clarify here the appropriate standard for such a claim brought by an

employee of the U.S. Postal Service.  Below, the appellant alleged that he filed a complaint with the Occupational Safety and Health Administration (OSHA) and the Office of Inspector General (OIG) and that such actions constitute protected activity for which he was later retaliated against.  IAF, Tab 1 at 8, Tab 10 at 6.  In considering these claims, the administrative judge applied the analytical framework from the whistleblower protection statutes, which assesses whether the appellant made a protected disclosure or engaged in a protected activity that was a contributing factor to the agency action.  ID at 25.  In so doing, she found that, although the appellant established a prima facie case of whistleblower reprisal, the agency proved by clear and convincing evidence that it would have taken the same action even in the absence of the whistleblowing activity.  ID at 25-29 (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1322 (Fed. Cir. 1999)).  On review, the appellant generally challenges the administrative judge's findings regarding this affirmative defense, stating that he "established all the factors in his assertion that he was being retaliated against" for his filing of the OSHA and OIG complaints.  PFR File, Tab 1 at 13.  He has not, however, explained with any specificity this position, nor has he pointed to any evidence in the record disputing the administrative judge's findings.

¶6        Nonetheless, we modify the initial decision to apply the appropriate analytical framework to this affirmative defense.  Notably, the appellant's employer is the U.S. Postal Service, and the whistleblower protection statutes do not apply to the U.S. Postal Service.[5]  *See Greenlee v. U.S. Postal Service*, 101 M.S.P.R. 323, ¶ 7 (2006) (stating that the Whistleblower Protection Act does not apply to the U.S. Postal Service); *Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 621 (1991) (reasoning that the U.S. Postal Service is not an "agency" as

---

[5] Although the Board has expressly addressed this principle as it relates to the Whistleblower Protection Act, *see Greenlee v. U.S. Postal Service*, 101 M.S.P.R. 323, ¶ 7 (2006), it has not done so with respect to the Whistleblower Protection Enhancement Act (WPEA).  Nonetheless, the underlying rationale in *Greenlee* is not changed by the WPEA.

defined under 5 U.S.C. § 2302(a)(2)(C) and its employees are, therefore, not covered under 5 U.S.C. § 1221). Specifically, the Board has found that the lower "contributing factor" standard of proof set forth in the whistleblower protection statutes does not apply to employees who are not in a covered agency, such as the U.S. Postal Service. *See Mack*, 48 M.S.P.R. at 621. Rather, the Board has explained that the "higher standard of proof applicable to all other claims of reprisal," as set forth in *Warren*, applies to U.S. Postal Service cases to show reprisal such as that prohibited under 5 U.S.C. § 2302(b)(8), (9). *Id.* Accordingly, to establish this affirmative defense, the appellant must show that his OSHA and OIG complaints constituted protected activity, that the proposing and deciding officials were aware of that protected activity, that the appellant's demotion could, under the circumstances, have been retaliation, and that there was a genuine nexus between the retaliation and the demotion. *See Warren*, 804 F.2d at 656-58; *Mattison v. Department of Veterans Affairs,* 123 M.S.P.R. 492, ¶ 8 (2016).

¶7      In applying the *Warren* standard, we nonetheless believe that the administrative judge's analysis is sound. In the initial decision, she reasoned that the agency had strong evidence for its demotion action and that the deciding official's decision to mitigate the proposed removal to a demotion evidenced "thoughtful consideration of both the appellant's serious misconduct and his ability to perform non-supervisory work." ID at 27; IAF, Tab 4 at 23-26. Additionally, she noted that, although the proposing official was the subject of the OSHA complaint, he was not disciplined or otherwise negatively affected by it. ID at 27. Further, there is no evidence that the deciding official or any of the appellant's subordinates who complained about his behavior were implicated in the complaint and, therefore, would have had no motive to retaliate. Based on these observations and findings, we find that the appellant failed to prove that the agency action could have been retaliation or that there was a genuine nexus between the OSHA and OIG complaints and his demotion. As such, we

ultimately agree with the administrative judge that the appellant failed to establish this affirmative defense.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.